UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEMSON SAINTILUS,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-2950

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on October 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on October 20, 2026. (Resp., ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Haiti. (Notice to Appear (NTA), ECF No. 6-3, PageID.32.) Petitioner entered the United States on or about April 28, 2023. (*Id.*) Shortly after Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered and arrested Petitioner and placed him in expedited removal proceedings. (2023 Form I-213, ECF No. 6-1, PageID.35; Notice and Order of Expedited Removal, ECF No. 6-2, PageID.29.) Thereafter, on May 16, 2023, United States Citizenship and Immigration Services (USCIS) established Petitioner's credible fear of persecution and issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility pursuant to §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) for being "an immigrant who, at the time of application for admission, is not in possession of [valid immigration and travel documents]" and as a noncitizen who was not admitted or paroled into the United States, which placed Petitioner in standard, non-expedited removal proceedings under § 240 of the INA. (NTA, ECF No. 6-3, PageID.32.) On May 30, 2023, DHS paroled Petitioner into the United States for a period of one year pursuant to 8 U.S.C. § 1182(d)(5). (Resp., ECF No. 6, PageID.18; Interim Notice Authorizing Parole, ECF No. 6-4, PageID.36.)

On July 10, 2026, ICE agents arrested Petitioner in York County, Pennsylvania. (2026 Form I-213, ECF No. 6-5, PageID.38.) Prior to Petitioner's arrest by ICE, he had previously applied for asylum, and his asylum application was denied on September 3, 2026 (Immigration Judge Order, ECF No. 6-6, PageID.41.) On September 24, 2026, Petitioner appealed this order to the Board of Immigration Appeals, and his appeal remains pending. (Filing Receipt For Appeal, ECF No. 6-7, PageID.46; Resp., ECF No. 6, PageID.18.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

### A. Statutory Basis for Petitioner's Detention

For the same reasons set forth in *Betancourth-Martell v. Mullin*, No. 1:26-cv-1255, 2026 WL 1532967 (W.D. Mich. June 1, 2026),[1] the Court disagrees with Respondent's argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States, which included initially being placed in expedited removal proceedings, but then being transferred to § 1229a removal proceedings and released from custody after an asylum officer determined that he had a credible fear of persecution.[2]

---

[1] *See also, e.g.*, *Vettah v. Raycraft*, No. 1:26-cv-1735, 2026 WL 1945090, at *2–3 (W.D. Mich. July 6, 2026); *Vega-Duno v. Raycraft*, No. 1:26-cv-1570, 2026 WL 1593320, at *1 & n.2 (W.D. Mich. June 4, 2026); *Espinoza Ramirez v. Unknown Party*, No. 1:26-cv-1505, 2026 WL 1551778, at *1 & n.3 (W.D. Mich. June 2, 2026); *Morales Morales v. U.S. Dep't of Homeland Sec.*, No. 1:26-cv-714, 2026 WL 972715, at *2–3 (W.D. Mich. Apr. 10, 2026); *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026).

[2] Further, because Respondents subsequently paroled Petitioner into the United States (Resp., ECF No. 6, PageID.18; Interim Notice Authorizing Parole, ECF No. 6-4, PageID.36.), he is not now properly subject to expedited removal, as set forth in 8 U.S.C. § 1225(b)(1)(A)(iii)(II). *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(II) (providing that a noncitizen, "who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility" may be subject to

Therefore, based on the facts presented by the parties, and the reasoning of the United States Court of Appeals for the Sixth Circuit in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.

**B. Fifth Amendment Due Process Considerations**

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos v. Raycraft*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 175 F.4th at 732. The Sixth Circuit therefore upheld the lower courts' determinations that the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id.* at 734.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651,

---

expedited removal); *see also, e.g.*, *Vega-Duno*, 2026 WL 1593320, at *1 & n.2; *Espinoza Ramirez*, 2026 WL 1551778, at *1 & n.3.

at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

**V. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[3] The Court will also order Respondent to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 27, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[3] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.